UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
YI SUN,                       )
Plaintiff,                    )
                              )
        v.                    )     Civil Action No.
                              )     23-12705-NMG
                              )
THE CITY OF NEW YORK and THE  )
STATE OF NEW YORK,            )
Defendants.                   )
                              )
_____)
```

MEMORANDUM AND ORDER

GORTON, J.

For the reasons set forth below, the Court allows the motion for leave to proceed in forma pauperis and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. Background

On November 17, 2023, Yi Sun ("Sun"), a resident of New York, initiated this action by filing a pro se Complaint with a motion for leave to proceed in forma pauperis. See Docket Nos. 1, 3. Sun's pleadings are accompanied by a 4-page letter requesting "Justice and Help!" See Doc. No. 2. On December 18, 2023, Sun filed an Amended Complaint. See Docket No. 5.

Sun's claim concerns a civil rights lawsuit that she filed in the United States District Court for the Southern District of New York. See Sun v New York City Police Dep't, et al., No. 18-cv-11002-LTS-SN (S.D.N.Y Nov. 26, 2018) (the "New York action"). On August 6, 2020, Sun was permitted to pursue claims in the New York action against several Doe defendants for alleged civil

rights violations surrounding events of January 20, 2019. <u>Id.</u> Sun was ultimately unable to identify and serve the Doe defendants and the case was closed on July 12, 2021. <u>Id.</u> Less than four months later, on November 3, 2021, Sun was barred from filing any further requests in the New York action without first obtaining permission because she repeatedly sought reconsideration, disqualification, or recusal despite the denial of similar requests. <u>Id.</u>

In the instant action, above the case caption of Sun's Amended Complaint, the following is written:

> In the Matter of the rape survivor/victim, who filed the Verified Complaint against NYC/NYS-Defendants to the 'District Court of Massachusetts' for Judicial Review and respectfully request for 'Justice for the innocent victim'

Am. Compl. at 1.

The Amended Complaint's case caption states:

> RE: Petitioner Filed the Verified Complaint to the 'District Court of Massachusetts' for Judicial Review and 'Motion for Summary Judgment' in the old lawsuits; And respectfully request that the U.S. Highest Judiciary can watch on all this in the "crime capital-New York" and have launched an investigation into the operations of 'Judiciary in New York' and Justice for the innocent rape survivor (who was the rape victim of repeated sexual assault by the six uniformed NYPD Offices et al in the cops City/State of New York in past)

<u>Id.</u>

The 41-page Amended Complaint consists primarily of a recounting of events surrounding the plaintiff's contact with various bad actors that began over 25 years ago as well as the

2

plaintiff's efforts to hold such bad actors accountable. Id. Sun brings this action on behalf of herself and her adult child, alleged to be a resident of Massachusetts. Id. at 11 (the parties). Sun asserts this Court's diversity jurisdiction alleging that the parties are citizens of different states and that the amount in controversy exceeds $75,000. Id. at 14. Sun seeks to have this Court award damages and states that she "hope[s] that the 'punitive and exemplary damages' will implement (property distribution) in the location at Boston, Massachusetts." Id. For relief, Sun seeks to have this "Court and Federal Government and Highest Judiciary et al watch on all these Verified Statement and 'Justice for Yi Sun.'" Id. at 42.

## II. Motion for Leave to Proceed In Forma Pauperis

Upon review of plaintiff's financial disclosures, the Court allows plaintiff leave to proceed in forma pauperis.

## III. Screening of the Complaint

Because Sun is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on

3

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

A pro se plaintiff such as Sun is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

IV. Plaintiff's Amended Complaint is Subject to Dismissal

Even under a liberal construction, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as it fails to state a claim upon which relief can be granted.

As an initial matter, to the extent Sun asks this Court to review and vacate the ruling entered in the New York Action, Sun v New York City Police Dep't, et al., No. 18-cv-11002-LTS-SN (S.D.N.Y Nov. 26, 2018), one federal district court cannot review decisions rendered by another district court. Rather, the courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Sun's appeals to the United States Court of Appeals for the Second Circuit were dismissed for lack of appellate jurisdiction. See Sun v New York City Police Dep't, Nos. 19-1087, 19-2459 (2d Cir. Aug. 15, 2019).

To the extent Sun alleges this Court's diversity jurisdiction under 28 U.S.C. § 1332, Sun is required to demonstrate that the parties are completely diverse, i.e., that no defendant resides in the same state as the plaintiff. Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009). Here, Sun and the defendants are all located in New York. Moreover, to the extent Sun seeks to represent her adult daughter, Sun can only represent herself. See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); Local Rule 83.5.5(b). Here, complete diversity of citizenship does not exist.

Furthermore, even if this Court had subject matter jurisdiction, the Court lacks personal jurisdiction over the defendants. A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court. See Adam v. Saenger, 303 U.S. 59, 67 (1938). But as to the defendants, the due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310, 319 (1945)). Therefore, a court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum

5

State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Here, there is no suggestion ~~of~~ that the defendants have "meaningful contacts" with Massachusetts.

Because the defendants do not reside in this District, venue lies in a judicial district where a substantial part of the events or omissions giving rise to this action arose. Under the general venue statute, venue is proper in a judicial district in which the defendants reside or in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The District of Massachusetts does not meet that requirement and venue is improper in this District. Where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under the circumstances, it is not in the interest of justice to transfer this case.

Here, even with a generous reading of the Amended Complaint, it does not meet the screening requirements of 28 U.S.C. § 1915(e)(2)(B)(ii). In light of the nature of Sun's claims, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is

appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

V.  Order

Accordingly, it is hereby Ordered that:

1. The motion (Docket No. 3) for leave to proceed <u>in forma pauperis</u> is ALLOWED.

2. This action is DISMISSED.

3. The Clerk shall enter a separate order of dismissal.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: Feb. 20, 2024